# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN KALEB GILLESPIE, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:19-cv-01953-LCB-HNJ |
| OFFICER COWMAN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on October 5, 2020, recommending that the defendant's motion for summary judgment be granted and this action be dismissed with prejudice. (Doc. 23).  Within the time allotted for filing objections to the report and recommendation, the plaintiff filed a notice in which he states he has been trying to gather facts, but proceeding *pro se* "makes things hard to get what I need to show facts…"  (Doc. 24).   The court construes the plaintiff's notice as an objection to the report and recommendation.

The plaintiff asserts that the three inmates he listed as witnesses tried to send signed affidavits "on how Lee, Darling, and Bell admitted to them about being payed (sic) good" to harm the plaintiff, but the affidavits could not be sent to the prison. (Doc. 24 at 1).  However, even if the plaintiff had produced such affidavits, the hearsay rule prevents the court from considering them for the truth of the matter

asserted. *See* Rule 801(c)(1) and (2), Fed. R. Evid. (defining hearsay as a statement not made at trial or in a hearing and which "a party offers in evidence to prove the truth of the matter asserted in the statement."). At best, such affidavits would reflect only that inmates Lee, Darling, and Bell made those statements, not that they were true.[1] Lee, Darling, and Bell's claim that they were paid to assault the plaintiff remain hearsay for the purpose of proving that defendant Cowman was behind the attack. *See e.g., Morrison v. City of Atlanta*, 614 F. App'x 445, 448 (11th Cir. 2015) (finding summary judgment properly granted based on lack of testimony or other evidence, beyond plaintiff's own hearsay statement); *Lloyd v. Van Tassell*, 318 F. App'x 755, 761 and n.2 (11th Cir. 2009) (where only evidence on summary judgment excessive force claim was statement by aggressor that prison official "told him to kill [the plaintiff], statement was inadmissible against prison official").

As to the plaintiff's claim that he should not have been housed with Lee, Darling, and Bell in the first place, the plaintiff offers no basis for finding that defendant Cowman had any input into where the plaintiff was housed, or any authority to move the plaintiff from that location. Moreover, the plaintiff does not dispute Cowman's assertion that he had no such authority. *See* (Doc. 21 at 10).

---

[1] In other words, even if the plaintiff could get the inmates' statements---that Lee, Bell, and Darling said "they were payed (sic) good"---into an admissible form, those statements are still hearsay for the purpose of proving that Cowman told Lee, Bell, and Darling he would pay them to attack the plaintiff.

The plaintiff also asserts his PREA complaint is on the jail kiosk, but the jail would not release it to him.  However, the existence of the PREA complaint is not a material fact in this case.  Rather, the magistrate judge accepted as true the plaintiff's assertions that he filed a PREA complaint based upon a crude comment and that the jail took no action.  (Doc. 23 at 4-5).

Thus, even if the plaintiff had produced each of the documents he states he tried to obtain, such evidence would not impact the outcome of this case.  The plaintiff would still lack sufficient evidence to allow his claims to proceed to trial.  *See e.g., Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019) ("[a]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the matter but to determine whether there is a genuine issue for trial" (citation omitted)).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the objections are **OVERRULED.**  The magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**.  The court **EXPRESSLY FINDS** that no genuine issues of material fact remain, and the defendant is entitled to judgment as a matter of law.  Accordingly, the defendant's motion for summary judgment (Doc. 21) is due to be granted and this case is due to be dismissed with prejudice.

A Final Judgment will be entered.

**DONE** and **ORDERED** October 30, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE